UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC, | Case No. 2:17-CV-757 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SATICOY BAY LLC SERIES 4683 CALIFA, | |
| Defendant(s). | |

Presently before the court is defendant Saticoy Bay LLC Series 4683 Califa.'s ("Saticoy") motion to dismiss. (ECF No. 11). Plaintiff Ditech Financial LLC ("Ditech") filed a response (ECF No. 15), to which Saticoy replied (ECF No. 16).

**I.    Facts**

This case involves a dispute over real property located at 4683 Califa Drive, Las Vegas, Nevada 89122 (the "property"). On May 5, 2006, Jose M. and Nelsa Aguilar obtained a loan from Countrywide Home Loans, Inc. in the amount of $153,500.00 to purchase the property, which was secured by a deed of trust recorded on May 26, 2006. (ECF No. 1).

The deed of trust was assigned to Bank of New York Mellon via an assignment of deed of trust recorded on July 6, 2011. (ECF No. 1 at 2–3).

On July 9, 2015, Saticoy purchased the property at a foreclosure sale for $59,000.00. (ECF No. 1 at 4). A trustee's deed upon sale in Saticoy's favor was recorded on July 24, 2016. (ECF No. 1 at 40.

After the foreclosure sale extinguished the deed of trust, it was assigned to Ditech via an assignment of deed of trust recorded April 21, 2016. (ECF No. 1 at 3).

On March 15, 2017, Ditech filed the underlying complaint, alleging two causes of action: (1) quiet title; and (2) declaratory relief. (ECF No. 1).

In the instant motion, Saticoy moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11).

**II.   Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Ditech has failed to sufficiently state a quiet title claim against Saticoy. According to the complaint, Ditech did not own an interest in the property at the time of the foreclosure sale. In fact, the deed of trust was not assigned to Ditech until almost a year after the foreclosure sale—almost a year after the deed of trust had been extinguished by the foreclosure sale.

Accordingly, Ditech's complaint has failed to state facts sufficient to support a reasonable inference that Ditech's interest in the property is superior to that of Saticoy's. Therefore, the court will grant Saticoy's motion to dismiss without prejudice.

. . .

. . .

. . .

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Saticoy's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Ditech's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED July 3, 2017.

                                                      UNITED STATES DISTRICT JUDGE